# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE E. JACOBS, IV, | Case No. 1:20-cv-00547-BAM (PC) |
| Plaintiff, | ORDER DENYING MOTION TO APPOINT COUNSEL |
| v. | |
| CDCR, *et al.*, | (ECF No. 8) |
| Defendants. | |

Plaintiff George E. Jacobs, IV ("Plaintiff") is a state prisoner appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to appoint counsel, filed April 28, 2020. (ECF No. 8.) In his motion, Plaintiff states that as a result of an arm injury and subsequent surgery in 2015, he suffers from "radial nerve palsy" that prevents him from gripping a writing instrument with his dominant right hand, and he has "wrist droop syndrome" that prevents him from being able to write or type. Plaintiff states that the instant motion was typed by an inmate housed in the same cellblock as Plaintiff, but there is no guarantee of future inmate assistance in this task. Plaintiff contends that the Court should hold that his physical injuries meet the threshold of "exceptional circumstances," and counsel should be appointed. Plaintiff has also attached documentation that appears to be a reasonable accommodation request and a response from a reasonable accommodation panel. According to these documents, on March 16, 2020

1

Plaintiff was informed that he was permitted access to ADA Worker assistance and assistive devices located in the library, and that he could purchase a typewriter through approved vendor catalogs.  (Id.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed by prisoners who are proceeding *pro se*, *in forma pauperis*, and suffer from medical conditions that make writing more difficult almost daily. These prisoners also must conduct legal research and learn to follow Court orders without the assistance of counsel.  It also appears from the documents attached to Plaintiff's motion that he is being permitted access to reasonable accommodations for his physical injuries that go beyond an informal arrangement between Plaintiff and other inmates on his cellblock.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.  The Court has not yet screened the complaint to determine if Plaintiff has stated any cognizable claims upon which this action may proceed. Finally, based on a review of the brief record in this case, the Court finds that Plaintiff can adequately articulate his claims.

Accordingly, Plaintiff's motion to appoint counsel, (ECF No. 8), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **April 29, 2020**              /s/ *Barbara A. McAuliffe*                    
                                      UNITED STATES MAGISTRATE JUDGE