# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE E. JACOBS, IV,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CDCR, *et al.*,<br><br>　　　　　　Defendants. | Case No.  1:20-cv-00547-BAM (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR FOURTH EXTENSION OF TIME TO FILE AMENDED COMPLAINT<br><br>(ECF No. 18)<br><br>**FORTY-FIVE (45) DAY DEADLINE** |

Plaintiff George E. Jacobs, IV ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On August 14, 2020, the Court issued a screening order granting Plaintiff leave to file a first amended complaint or a notice of voluntary dismissal. (ECF No. 11.) Following several extensions of time, Plaintiff's first amended complaint or notice of voluntary dismissal is due on or before January 25, 2021. (ECF Nos. 13, 15, 17.)

Currently before the Court is Plaintiff's "Motion to Request the Court to Properly Join Claims to Screen," filed January 13, 2021. (ECF No. 17.) Plaintiff states that since his last request for an extension of time, Plaintiff's prison yard was locked down due to a prison race riot on December 22, 2020. As a result, Plaintiff has had no opportunity to access the library due to back to back facility lockdowns for the past two months. Plaintiff notes that in the Court's original screening order, the Court offered to choose which properly joined claims to screen, and he would like to take the Court up on that offer and dismiss the remaining claims. In the

1

alternative, Plaintiff requests another extension of time. (Id.)

Plaintiff has requested that the Court select the properly joined claims from his complaint and proceed to screen those and dismiss any improperly joined claims. However, Plaintiff has misunderstood the Court's screening order. The language referenced by Plaintiff reads: "In any amended complaint, Plaintiff must choose which properly joined claims to pursue and may not bring unrelated claims in a single action. If Plaintiff fails to comply, the Court will choose which properly joined claims to screen." (ECF No. 11, p. 13.) The Court has already screened the complaint, found that it fails to comply with Federal Rules of Civil Procedure 8, 18, and 20, and granted Plaintiff leave to file an amended complaint not exceeding twenty-five pages. (Id. at 23–24.) As such, there is currently no complaint on file for the Court to screen. Plaintiff must file an amended complaint in compliance with the Court's August 14, 2020 screening order to continue to litigate this action. Accordingly, Plaintiff's request for the Court to screen the properly joined claims in this action is denied, and the Court will consider Plaintiff's filing as a request for an extension of time to file an amended complaint.

Having considered the request, the Court finds good cause to grant the requested extension of time. Fed. R. Civ. P. 6(b). Plaintiff has not specified the length of extension required, but in light of Plaintiff's difficulties accessing the law library and the time remaining on Plaintiff's prior extension of time, the Court finds an extension of forty-five days is appropriate.

Accordingly, Plaintiff's motion for a fourth extension of time, (ECF No. 18), is HEREBY GRANTED. Within **forty-five (45) days** from the date of service of this order, Plaintiff shall file a first amended complaint, not to exceed twenty-five (25) pages, curing the deficiencies identified by the Court in the August 14, 2020 screening order, or file a notice of voluntary dismissal.

IT IS SO ORDERED.

Dated:   **January 14, 2021**        /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE

2