UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE E. JACOBS, IV, <br><br> Plaintiff, <br><br> v. <br><br> CDCR, et al., <br><br> Defendants. | No. 1:20-cv-00547-DAD-BAM (PC) <br><br> ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT <br><br> (Doc. Nos. 21, 23) |

Plaintiff George E. Jacobs, IV is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 14, 2020, the assigned magistrate judge entered a screening order concluding that plaintiff's complaint, as filed, failed to comply with Federal Rules of Civil Procedure 8, 18, and 29. (Doc. No. 11 at 24.) The magistrate judge granted plaintiff leave to amend his complaint within thirty days to conform with the Federal Rules of Civil Procedure. (*Id.*) Over the next eleven months, the following series of events took place, which prevented this case from moving forward.

On September 16, 2020, plaintiff filed a motion for a thirty-to-forty-five-day extension of time to file a response to the screening order. (Doc. No. 12 at 3.) Plaintiff made his motion on the grounds that he had no access to "legal supplies, materials, or books/case law," that he had not

1

been able to access the law library, and that he had been slowed due to his disability. (*Id.*) The magistrate judge granted the motion for a thirty-day extension on September 18, 2020. (Doc. No. 13.)

On October 19, 2020, plaintiff filed a second motion for a forty-five-day extension of time to file a response to the screening order. (Doc. No. 14.) Plaintiff's motion was unsigned. (*Id.* at 3.) On October 20, 2020, the magistrate judge entered an order striking plaintiff's second motion because it was unsigned, pursuant to Federal Rule of Civil Procedure 11(a) and Local Rule 131(b). (Doc. No. 15 at 2.) However, in light of plaintiff's *pro se* status, the court extended the deadline for the filing of plaintiff's first amended complaint or notice of voluntary dismissal by an additional thirty days. (*Id.*)

On December 3, 2020, plaintiff filed a third motion seeking a forty-five-day extension of time to file a response to the screening order. (Doc. No. 16.) Plaintiff noted in his motion that the prison where he was confined had been placed in complete quarantine, preventing him from visiting the prison law library and otherwise restricting his movement. (*Id.* at 3.) The court granted plaintiff's motion for a forty-five-day extension on December 7, 2020. (Doc. No. 17.)

On January 13, 2021, plaintiff filed a motion requesting that the court properly join claims or, in the alternative, grant him a fourth extension of time to file an amended complaint. (Doc. No. 18.) Plaintiff explained in his motion that the California Substance Abuse Treatment Facility in Corcoran ("CSATF-Corcoran"), where he was held, had been locked down due to a prison riot on December 22, 2020, making it again impossible for him to access the law library. (*Id.* at 2.) Plaintiff pointed to page 13, line 6 of the court's screening order ("If Plaintiff fails to comply, the Court will choose which properly joined claims to screen") and requested that the court "choose which claims are properly joined for screening and dismiss the remaining claims without prejudice." (*Id.*)

On January 15, 2021, the magistrate judge denied plaintiff's request for screening of the properly joined claims in the action, explaining that the court "had already screened the complaint, found that it fail[ed] to comply with Federal Rules of Civil Procedure 8, 18, and 20, and granted Plaintiff leave to file an amended complaint." (Doc. No. 19 at 2.) The magistrate

judge instead granted plaintiff a fourth extension of forty-five days to file an amended complaint or a notice of voluntary dismissal. (*Id.*)

On March 5, 2021, plaintiff filed a fifth motion for extension of time to file an amended complaint. (Doc. No. 20.) Therein, plaintiff explained that he had "managed to complete most of the amended complaint" and needed ten extra days to finish the "Causes of Action" sections. (*Id.* at 2.) Plaintiff also explained that he had run out of writing paper and needed more time "to secure legal supplies" to finish his amended complaint. (*Id.*)

On March 8, 2021, the magistrate judge issued an order granting plaintiff a fifth extension of ten days to file an amended complaint or file a notice of voluntary dismissal. (Doc. No. 21.) The magistrate judge stated that this order would be the final extension of time, as almost seven months had passed since the court's screening order had been issued. (*Id.* at 2.)

Plaintiff did not file an amended complaint or notice of voluntary dismissal within the ordered time period. Accordingly, on April 6, 2021, the magistrate judge issued findings and recommendations recommending that this action be dismissed with prejudice due to plaintiff's failure to state a claim, failure to obey a court order, and failure to prosecute this action. (Doc. No. 11.) The pending findings and recommendations were served on plaintiff with notice that any objections thereto were to be filed within fourteen (14) days of service. (*Id.*)

On April 12, 2021, plaintiff filed a sixth motion for an extension of time to file an amended complaint. (Doc. No. 24.) In his motion, plaintiff explained that he had been "placed up for transfer to another prison," that his personal property had been packed for shipping, and that "[a]ll of [plaintiff's] legal work[,] including his 2nd amended complaint was confiscated." (*Id.* at 2) On April 5, 2021, plaintiff was transferred to the California State Prison in Lancaster ("CSP-Lancaster"), where he was subsequently quarantined and unable to access his legal materials or the prison law library. (*Id.* at 2–3.)

On April 16, 2021, the magistrate judge denied plaintiff's motion for an extension of time to file an amended complaint, noting that, according to plaintiff's own motion, his "personal and legal property was not confiscated until April 2, 2021, nearly two weeks after he should have completed his amended complaint and submitted it to the Court for filing." (Doc. No. 25 at 2.)

3

The magistrate judge, however, noted that plaintiff was transferred before receiving the court's findings and recommendations, and granted an extension of time for him to file objections to the findings and recommendations. (*Id.* at 3.) The court directed plaintiff to file objections within thirty (30) days from the date of service of the findings and recommendations. (*Id.*)

On May 20, 2021, plaintiff filed a motion for extension of time to file objections to the court's findings and recommendations. (Doc. No. 26.) Plaintiff explained that he had been placed in solitary confinement on May 13, 2021. (*Id.* at 1.) According to plaintiff, all of his property, including his legal work, was confiscated and had not been returned at the time of filing of the request for an extension of time. (*Id.* at 1–2.) Plaintiff represented that he was also informed by prison officials that he may be transferred to another prison. (*Id.* at 2.) Because of these circumstances, plaintiff informed the court he could not meet the deadline for the filing of his objections. (*Id.*) On May 25, 2021, the magistrate judge granted plaintiff's second motion for a thirty-day extension of time to file objections to the findings and recommendations. (Doc. No. 27.)

On June 10, 2021, plaintiff filed a letter with the court detailing that he had been unable to work on his objections. (Doc. No. 28.) Plaintiff explained that he had received less than 25% of his legal work back after being placed in solitary confinement. (*Id.* at 2.) Additionally, plaintiff stressed to the court that the facility to which he was transferred had "no functioning law library," and that plaintiff has no function of his right arm and hand. (*Id.* at 1.) The magistrate judge construed plaintiff's letter as a motion for an extension of time, and, on June 16, 2021, granted him an additional thirty days to file any objections to the findings and recommendations. (Doc. No. 29.)

On June 28, 2021, plaintiff filed his objections to the findings and recommendations. (Doc. No. 30.) In his objections, plaintiff thanks "the Honorable Magistrate Judge Barbara A. McAuliffe for the patience and impartiality demonstrated throughout the process and for giving thoughtful consideration to plaintiff's moving papers for time extensions." (*Id.* at 2.) Plaintiff explains that he had been in "a precarious situation for months," alleging that prison officials had been retaliating against plaintiff for "filing and trying to maintain this lawsuit." (*Id.* at 2–3.)

Plaintiff claimed that he faced several obstacles to prosecuting his case, including "[l]ack of law library access, unsuspecting bus transfers, [and] confiscation of personal property." (*Id.* at 3.) Plaintiff also writes that being placed in solitary confinement "for absolutely no fault of [his] own has just about 'extinguished' any fight plaintiff has left." (Doc. No. 30 at 3.) Finally, plaintiff explains in his objections that he failed to file his first amended complaint by the March 22, 2021 deadline because he miscalculated that deadline, incorrectly believing that he had thirty days to finish his complaint, instead of fourteen. (*Id.*) Plaintiff "assume[s] full responsibility for the miscalculation of the deadline [and] misinterpretation of the court's order," but notes that he has faced "extreme circumstances which [have] caused him a lot of stress and at times 'depression.'" *Id.*

Plaintiff requests the "mercy" of the court to grant plaintiff relief from a judgment or order pursuant to Federal Rule of Civil Procedure 60(b)(1), due to mistake, inadvertence, surprise, or excusable neglect. (*Id.* at 4.) Plaintiff also expresses that his miscalculation of the filing deadline was not intentional and assures the court that "his First Amended Complaint can be submitted with all the deficiencies cured." (*Id.*) Plaintiff does not dispute any of the court's findings and instead simply requests the court set aside its order. (*Id.*)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this court has conducted a *de novo* review of the case. After carefully reviewing the entire file, the court has decided to grant plaintiff Jacobs one final twenty-one (21) day extension to file an amended complaint or a notice of voluntary dismissal. Since the screening order issued on August 14, 2020, giving plaintiff leave to file an amended complaint, plaintiff has allegedly faced some obstacles that may have contributed to his failure to file an amended complaint. (*See* Doc. Nos. 1 at 15, 12, 14, 16, 18, 20, 24, 26, 28, and 30.) Nonetheless, because almost eleven months have passed since the screening order issued, this will be the final extension of time granted for this purpose. Plaintiff has advised the court that he is prepared to file an amended complaint addressing the previously noted deficiencies in his original complaint. The court intends to hold him to those assurances. Plaintiff is advised that any failure to file an amended complaint or notice of voluntary dismissal will result in the dismissal of his complaint with prejudice. The court also advises plaintiff that if

he chooses to file an amended complaint, it should conform to the requirements listed in the August 14, 2020 screening order. (Doc. No. 11.) Plaintiff's amended complaint shall also not exceed twenty-five pages in length and should be brief, while also stating what each named defendant allegedly did that led to the deprivation of plaintiff's constitutional rights. (*Id.* at 24.) Additionally, plaintiff cannot add new or unrelated claims to his amended complaint. (*Id.*) (citing *George v. Smith*, 507 F.3d 605, 608 (7th Cir. 2007)). Lastly, any amended complaint filed by plaintiff must be "complete in itself" and able to stand on its own "without reference to the prior or superseded pleading." (*Id.*) (citing Local Rule 220).

Accordingly, plaintiff is directed to file his amended complaint or notice of voluntary dismissal of this action within twenty-one (21) days of the service of this order.

IT IS SO ORDERED.

Dated: **July 12, 2021**

UNITED STATES DISTRICT JUDGE