UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE E. JACOBS, IV,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CDCR, et al.,<br><br>　　　　Defendants. | No. 1:20-cv-00547-DAD-BAM (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION, REOPENING THE CASE, AND REFERRING THE CASE BACK TO THE ASSIGNED MAGISTRATE JUDGE<br><br>(Doc. No. 36) |

Plaintiff George E. Jacobs, IV is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 6, 2021, the assigned magistrate judge issued findings and recommendations, recommending that this action be dismissed with prejudice due to plaintiff's failure to state a claim, failure to obey a court order, and failure to prosecute. (Doc. No. 11.) On July 13, 2021, the undersigned issued an order granting plaintiff one final twenty-one (21) day extension to file an amended complaint based in part on plaintiff's assurances that he was prepared to file an amended complaint addressing the previously noted deficiencies in his original complaint. (Doc. No. 31 at 5.) The court advised plaintiff that "any failure to file an amended complaint or notice

1

of voluntary dismissal will result in the dismissal of his complaint with prejudice." (*Id.*) Plaintiff did not file an amended complaint or motion for an extension of time and on August 17, 2021, the court accordingly adopted the findings and recommendations in full and dismissed the case due to plaintiff's failure to prosecute, failure to state a claim, and failure to comply with a court order. (Doc. No. 32.)

On September 1, 2021, plaintiff filed a motion for reconsideration of the August 17, 2021 order adopting the magistrate judge's findings and recommendations and dismissing this case due to plaintiff's failure to prosecute, failure to state a claim, and failure to comply with a court order. (Doc. No. 36.)

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." *Id.*

Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)). In seeking reconsideration under Rule 60, the moving party "must demonstrate both injury and circumstances beyond his control." *Harvest*, 531 F.3d at 749 (internal quotation marks and citation omitted).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571

F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).  Further, Local Rule 230(j) requires, in relevant part, that a movant show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

In his motion for reconsideration, plaintiff argues that he did not receive the court's previous order (Doc. No. 31) directing him to file his first amended complaint until August 3, 2021. (Doc. No. 36 at 15.)  The deadline for plaintiff to respond to that order was August 4, 2021.  Plaintiff contends that it was therefore impossible for him to comply with the order.  Indeed, it appears true that plaintiff did not receive the court's order in timely manner.  (*Id.*) Plaintiff's incoming mail logs show that he did not receive the court's order until August 3, 2021.  Moreover, plaintiff avers that he had prepared a first amended complaint and was awaiting the court's order and directions before filing it.  (*Id.* at 6.)  This also appears credible given that the court received plaintiff's first amended complaint on September 1, 2021 along with this pending motion for reconsideration.  (Doc. No. 35.)  Given the evidence plaintiff has provided the court, the undersigned concludes that plaintiff's motion for reconsideration should be granted and plaintiff should be allowed to proceed on his first amended complaint.  This action will accordingly be re-opened and referred back to the assigned magistrate judge for the screening of plaintiff's now operative first amended complaint.

Accordingly,

1. Plaintiff's motion for reconsideration (Doc. No. 36) is granted;
2. The Clerk of the Court is directed to reopen this case;
3. Plaintiff's lodged amended complaint (Doc. No. 35) shall serve as the operative complaint;
4. Plaintiff's motion to Re-set Deadline (Doc. No. 34) is denied as having been rendered moot by this order; and

/////

/////

5. This case is referred back to the assigned magistrate judge for further proceedings including the screening of plaintiff's first amended complaint.

IT IS SO ORDERED.

Dated:   **November 20, 2021**              /s/ Dale A. Drozd
                                                                                      UNITED STATES DISTRICT JUDGE