# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE E. JACOBS, IV,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CDCR, *et al.*,<br><br>　　　　　　Defendants. | Case No.  1:20-cv-00547-DAD-BAM (PC)<br><br>ORDER GRANTING PLAINTIFF'S FOURTH MOTION FOR EXTENSION OF TIME TO FILE SECOND AMENDED COMPLAINT<br><br>(ECF No. 50)<br><br>**FORTY-FIVE (45) DAY DEADLINE** |

　　　　Plaintiff George E. Jacobs, IV ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　On February 22, 2022, the Court screened the first amended complaint and granted Plaintiff leave to file an amended complaint or a notice of voluntary dismissal within thirty days. (ECF No. 42.) Following three extensions of time, Plaintiff's second amended complaint or notice of voluntary dismissal was due on or before August 1, 2022. (ECF Nos. 44, 46, 48.)

　　　　Currently before the Court is Plaintiff's third motion for a 45-day extension of time to file a second amended complaint, filed August 8, 2022. (ECF No. 50.) Plaintiff requests additional time file a second amended complaint. Plaintiff states that for the past 45 days or so, he has been confined to CDCR COVID-19 protocol quarantines. There has been a COVID-19 outbreak on the facility where Plaintiff is housed, and multiple inmates in three housing units, including Plaintiff's housing unit, have tested positive for COVID-19. This has resulted in the institution

shutting down all inmate movement and services, including complete access to the prison law library. Since Plaintiff requested the last extension of time, Plaintiff never gained access to the law library due to the COVID-19 outbreak. Since that time, COVID-19 has spread on Plaintiff's yard, preventing any movement. Plaintiff has been confined to his cell and unit for the past 30 days. Plaintiff has sent requests to the prison law library staff and has not received any responses from them. Thus, "paging" has not been an option. Plaintiff requests a 45-day extension of time to complete his second amended complaint, in hopes he is able to gain access to the legal materials and resources he needs to complete the complaint. (*Id.*)

The Court notes that in his prior request for an extension of time, Plaintiff stated that he had already drafted some of his second amended complaint and was in the process of completing it. Despite Plaintiff's inability to physically access the prison law library, Plaintiff was previously provided with the relevant pleading and legal standards required to amend his complaint. Plaintiff was provided with the requirements to state claims regarding the Americans with Disabilities Act, retaliation, deliberate indifference to serious medical needs, various conditions of confinement, failure to protect, conspiracy, and negligent and/or intentional infliction of emotional distress under state law. The order also explained the additional factual allegations needed from Plaintiff to evaluate his claims, and the legal standards for the proper joinder of claims and defendants in a single action. These matters are fact-based, and thus additional legal research is not required to comply with the screening order.

Nearly six months have passed since the Court issued its screening order, and Plaintiff has continued a pattern of requesting multiple extensions of time to respond to the Court's orders, unnecessarily delaying the resolution of this case. Specifically, the Court screened Plaintiff's initial complaint on August 14, 2020. (ECF No. 11.) Thereafter, the Court granted Plaintiff five extensions of time to file a first amended complaint before recommending, seven months later, that this action be dismissed due to Plaintiff's failure to prosecute. (ECF No. 23.) Plaintiff was then granted three extensions of time to file his objections to those findings and recommendations, finally filing his objections after two months. (ECF No. 30.) The case was later closed and then re-opened in response to Plaintiff's motion for reconsideration, and Plaintiff

1    was permitted to file a first amended complaint.  (ECF No. 41.)  The first amended complaint was
2    screened nearly six months ago, and Plaintiff is now requesting a fourth extension of the deadline
3    to file a second amended complaint.

4          Having considered the request, the Court finds good cause to grant the requested
5    extension of time, specifically based on the allegation that Plaintiff has been confined to his cell
6    and unit for the past 30 days, without access to legal materials and resources needed to complete
7    the complaint.  Fed. R. Civ. P. 6(b).  The Court does not find that Plaintiff's lack of access to
8    legal *research* materials, however, constitutes good cause.  Furthermore, given the time that has
9    elapsed since the Court's screening order, Plaintiff's pattern of requesting multiple extensions of
10   time in response to the Court's orders, and the length of the extension requested, **this will be the**
11   **final extension of time granted for this deadline**.

12         Plaintiff is reminded that his second amended complaint should be brief, Fed. R. Civ. P.
13   8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's
14   constitutional rights, *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  Although accepted as true,
15   the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative
16   level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).
17   Plaintiff is also cautioned against bringing unrelated claims in this matter in contravention of
18   Federal Rule of Civil Procedure 18.  Accordingly, Plaintiff's amended complaint, if any, may not
19   exceed **twenty-five (25) pages**, exclusive of exhibits.

20         Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated
21   claims in his first amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no
22   "buckshot" complaints).

23         Finally, Plaintiff is advised that an amended complaint supersedes the original complaint.
24   *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended
25   complaint must be "complete in itself without reference to the prior or superseded pleading."
26   Local Rule 220.  This includes any exhibits or attachments Plaintiff wishes to incorporate by
27   reference.
28   ///

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's fourth motion for extension of time to file amended complaint, (ECF No. 50), is GRANTED;

2. Within **forty-five (45) days** from the date of service of this order, Plaintiff shall file a second amended complaint, **not to exceed twenty-five (25) pages**, curing the deficiencies identified by the Court's February 22, 2022 screening order or file a notice of voluntary dismissal; and

3. **<u>If Plaintiff fails to comply with this order, this action will be dismissed, with prejudice, for failure to obey a court order and for failure to state a claim</u>.**

IT IS SO ORDERED.

Dated:   **August 10, 2022**            /s/ *Barbara A. McAuliffe*         _
                                       UNITED STATES MAGISTRATE JUDGE