# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE E. JACOBS, IV,<br><br>          Plaintiff,<br><br>   v.<br><br>CDCR, *et al.*,<br><br>          Defendants. | No. 1:20-cv-00547-ADA-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE OBJECTIONS TO FINDINGS AND RECOMMENDATIONS<br>(ECF No. 57)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY COURT ORDER, AND FAILURE TO PROSECUTE<br>(ECF No. 56) |

Plaintiff George E. Jacobs, IV is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On February 22, 2022, the assigned magistrate judge screened the first amended complaint and granted Plaintiff leave to file a second amended complaint or a notice of voluntary dismissal within thirty (30) days. (ECF No. 42.) After four extensions of time, Plaintiff's second amended complaint or notice of voluntary dismissal was due on or before September 28, 2022. (ECF Nos. 44, 46, 48, 51.) Plaintiff was warned in the magistrate judge's August 11, 2022 order granting Plaintiff's fourth motion for extension of time that, given the amount of time that had elapsed since issuance of the screening order, Plaintiff's pattern of requesting multiple extensions

of time in response to the Court's orders, and the length of the extension requested, that order would be the final extension of time granted for this deadline. (ECF No. 51, p. 3.) The magistrate judge had also noted that in Plaintiff's request for a third extension of time, dated June 16, 2022, (ECF No. 47, p. 2), Plaintiff stated that he had already drafted some of his second amended complaint and was in the process of completing it. (*Id.* at 2.)

Nevertheless, on September 16, 2022, Plaintiff filed a motion for a fifth extension of time to file his amended complaint. (ECF No. 54.) Based on the extensive discussion provided in the August 11, 2022 order, as well as inconsistencies in the factual allegations presented in Plaintiff's motion, the magistrate judge found no basis for reconsidering the prior order and denied the request. (ECF No. 55.) On October 13, 2022, following Plaintiff's failure to file an amended complaint or otherwise communicate with the Court, the magistrate judge issued findings and recommendations recommending dismissal of this action, with prejudice, for failure to state a claim, failure to obey a court order, and failure to prosecute. (ECF No. 56.)

On November 9, 2022, Plaintiff filed a motion for extension of time to file his "opposition motion," which the Court construes as a motion for extension of time to file objections to the findings and recommendations. (ECF No. 57.) Plaintiff requests a 30-day extension of time, and states that he does not have access to the prison law library and has not had so for some time now due to program disruptions. Plaintiff states that he is in the process of collecting evidence to provide to the Court, showing the prison facility has been on "back to back to back lockdowns and/or modified program due to a various [sic] of reasons." Plaintiff states he has been having difficulty obtaining these documents from custody. Plaintiff requests the extension of time to allow him "meaningful and adequate access to the facility law library" to find out who can provide Plaintiff with the documents he wishes to provide to the Court. (*Id.*) In support of his request, Plaintiff attaches a copy of a request he submitted on July 11, 2022 for a copy of a document to demonstrate to the Court that his institution is on lockdown, with a response dated August 9, 2022 indicating that his request cannot be fulfilled by the law library. (*Id.* at 5.)

At no point in Plaintiff's motion for extension of time does Plaintiff indicate what progress, if any, he has been able make over the preceding nine months with respect to

1  completing his second amended complaint.  Plaintiff also does not specify how much is left to
2  complete, or what he requires to complete the second amended complaint.  As discussed in the
3  magistrate judge's prior orders, while Plaintiff's lack of access to legal materials and resources—
4  such as paper, pens, envelopes, or stamps—may provide good cause for an extension of time for
5  purposes of submitting an amended complaint, a lack of access to legal *research* materials, when
6  Plaintiff has already been provided the required legal and pleading standards, does not constitute
7  good cause.  (*See* ECF No. 51, p. 3.)  At this juncture, and given the long history of delays in this
8  case, the Court does not find that Plaintiff's request for additional time to procure evidence of
9  lockdowns and program modifications, presents good cause for an extension of time to file his
10 objections to the magistrate judge's findings and recommendations.  Furthermore, the Court notes
11 that the only evidence presented by Plaintiff in support of his allegations that he has made efforts
12 to prove to the Court that his institution has been on essentially continuous lockdowns, is a
13 request from July and August 2022—approximately the same time that Plaintiff was requesting
14 his fourth extension of time to file an amended complaint, and already five months after the
15 screening of the first amended complaint.
16      In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the court has conducted a
17 *de novo* review of this case.  Having carefully reviewed the entire file, including plaintiff's
18 motion for extension of time, the court finds the findings and recommendations to be supported
19 by the record and by proper analysis.
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

Accordingly,

1. Plaintiff's motion for extension of time, (ECF No. 57), is denied;
2. The findings and recommendations issued on October 13, 2022, (ECF No. 56), are adopted in full;
3. This action is dismissed, with prejudice, for failure to state a claim, failure to obey a court order, and failure to prosecute; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   February 14, 2023

_____
UNITED STATES DISTRICT JUDGE