UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE E. JACOBS, IV,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CDCR, et al.,<br><br>　　　　　Defendants. | No.  1:20-cv-00547-ADA-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT<br><br>(ECF No. 60) |

　　　　Plaintiff George E. Jacobs, IV ("Plaintiff") is a state prisoner who proceeded *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　On February 22, 2022, the assigned Magistrate Judge screened the first amended complaint and granted Plaintiff leave to file a second amended complaint or a notice of voluntary dismissal. (ECF No. 42.)  After four extensions of time, Plaintiff's second amended complaint or notice of voluntary dismissal was due on or before September 28, 2022.  (ECF Nos. 44, 46, 48, 51.)  Despite the Magistrate Judge's warning that, given the amount of time that had elapsed since issuance of the screening order, Plaintiff's pattern of requesting multiple extensions of time in response to the Court's order, and the length of the extension requested, that no further extensions of that deadline would be granted, Plaintiff filed a motion for a fifth extension of time to file his amended complaint. (*See* ECF Nos. 51 at 3; 54.)  The request was denied and following Plaintiff's failure to file an amended complaint or otherwise communicate with the Court, the Magistrate Judge issued findings

1

and recommendations recommending dismissal of this action, with prejudice, for failure to state a claim, failure to obey a court order, and failure to prosecute.  (*See* ECF Nos. 55, 56.)

Plaintiff then filed a motion for extension of time to file objections to the findings and recommendations.  (ECF No. 57.)  Finding no basis for the extension, on February 14, 2023, the Court denied the request, adopted the findings and recommendations in full, and dismissed the case, with prejudice, for failure to state a claim, failure to obey a court order, and failure to prosecute.  (ECF No. 58.)  Judgment was entered accordingly the same date.  (ECF No. 59.)

Currently before the Court is Plaintiff's motion for relief from judgment pursuant to Federal Rules of Civil Procedure 59 and 60, filed March 30, 2023.  (ECF No. 60.)  Although it does not include a proof of service indicating the date the motion was provided to prison authorities for mailing, the motion is signed and dated March 7, 2023.  (*Id.*)

**I.     Legal Standard for Motions for Reconsideration of a Final Judgment**

Generally, a motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e).  *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment); *see also Schroeder v. McDonald*, 55 F.3d 454, 458-59 (9th Cir. 1995).  The motion must be filed no later than twenty-eight (28) days after entry of the judgment.  *See* Fed. R. Civ. P. 59(e).  Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.  *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987), *cert. denied*, 486 U.S. 1015 (1988); *see also 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); *accord Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment."  Fed. R.

2

Civ. P. 60(b).  Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration of an order, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  Local Rule 230(j).

## II.     Discussion

Even if Plaintiff timely mailed his motion on March 7, 2023, such that he may seek relief under Rule 59(e) or Rule 60(b), his request does not provide any basis for overturning the Court's judgment.  Plaintiff argues that the Court's ruling is based on an error of fact, specifically a misunderstanding regarding Plaintiff's inability to gain adequate and meaningful access to the courts (by way of the prison law library) to amend his complaint.  As in each of his prior requests for extension of time, Plaintiff presents the same argument—his institution has been under a constant modified program or lockdown for essentially the duration of the pandemic, depriving him of the law library time needed to prepare an amended complaint.  However, Plaintiff's motion focuses on his inability to produce documentary support for these lockdowns, which was not the basis for the Court's dismissal.

Specifically, the Court found in the February 14, 2023, order adopting the findings and recommendations and dismissing this action that:

> At no point in Plaintiff's motion for extension of time does Plaintiff indicate what progress, if any, he has been able to make over the preceding nine months with respect to completing his second amended complaint.  Plaintiff also does not specify how much is left to complete, or what he requires to complete the second amended complaint.  As discussed in the Magistrate Judge's prior orders, while Plaintiff's lack of access to legal materials and resources— such as paper, pens, envelopes, or stamps—may provide good cause for an extension of time for purposes of submitting an amended complaint, a lack of access to legal *research* materials, when Plaintiff has already been provided the required legal and pleading standards, does not constitute good cause.

(ECF No. 58 at 2-3 (emphasis in original) (internal citation omitted).)  Plaintiff's motion for relief

1  from judgment suffers the same deficiency.

2  As to Plaintiff's "new" argument that the Court is unaware of his physical disability, which
3  affects his ability to write with his dominant right hand, this argument is unpersuasive. (*See* ECF
4  No. 60 at 5.) The Court is aware of Plaintiff's physical condition, as this condition forms the crux
5  of Plaintiff's claims raised in the original and the first amended complaint. (*See* ECF Nos. 1, 40.)
6  Even if the Court was previously unaware of Plaintiff's disability, Plaintiff fails to explain why he
7  could not raise the issue in any of his numerous requests for extension of time. In addition,
8  Plaintiff's condition does not appear to hinder his ability to handwrite and file his many requests,
9  as evidenced by the instant motion. (*See* ECF No. 60.) Therefore, the Court finds no basis that his
10 condition hinders his ability to draft an amended complaint.

11 Upon review of Plaintiff's motion, the Court finds that Plaintiff seeks further extensions of
12 time to file an amended complaint, rather than presents new or different evidence for the Court's
13 consideration. *See* Local Rule 230(j). Plaintiff does not identify any change in controlling law,
14 new evidence previously unavailable to him, or need to correct clear error or manifest injustice.
15 *See* Fed. R. Civ. P. 59(e). Plaintiff continues to fail to explain what progress, if any, he has made
16 in drafting an amended complaint, now that more than a year has passed since the Court's order
17 screening the first amended complaint. (*See* ECF No. 42.) Hence, the Court finds no grounds to
18 reconsider its final order and judgment dismissing this action.

19 **III.   Conclusion**

20 Accordingly,

21 1. Plaintiff's motion for relief from judgment, (ECF No. 60), is denied; and

22 2. This action remains closed.

25 IT IS SO ORDERED.

26 Dated:   June 15, 2023

UNITED STATES DISTRICT JUDGE

4